J-A12043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANCE ROSS SHAFFER | : | |
| | : | |
| Appellant | : | No. 1268 MDA 2020 |

Appeal from the PCRA Order Entered September 28, 2020
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001366-2018

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 27, 2021**

Lance Ross Shaffer ("Shaffer") appeals from the Order dismissing his Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On February 4, 2019, Shaffer entered a guilty plea to one count each of terroristic threats and criminal attempt – voluntary manslaughter.[2]  On March 7, 2019, the trial court sentenced Shaffer to five to ten years in prison for his conviction of attempted voluntary manslaughter.   Pursuant to a plea agreement,  the trial court imposed a consecutive prison term of six months to one year for his conviction of terroristic threats.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] *See* 18 Pa.C.S.A. §§ 2706(a)(1), 901(a)/2503.

On February 27, 2020, Shaffer timely filed a *pro se* PCRA Petition. The PCRA court appointed counsel, who filed an Amended PCRA Petition and a Second Amended PCRA Petition. On September 8, 2020, the Commonwealth filed a Motion to dismiss Shaffer's PCRA Petition without a hearing. On September 25, 2020, after appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Shaffer's Second Amended PCRA Petition without a hearing. Thereafter, Shaffer filed the instant timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Shaffer presents the following claim for our review: "Whether the plea was unknowingly and unintelligently entered where the plea colloquy failed to adduce a sufficient factual basis to support the plea of guilty to attempted voluntary manslaughter?" Brief for Appellant at 5.

Shaffer claims that his guilty plea to attempted voluntary manslaughter was not knowing and voluntary. *Id.* at 11. Shaffer acknowledges that his written plea colloquy states that there must be a factual basis for his plea but did not articulate "what he understood that factual basis to be." *Id.* at 13. Shaffer states that during the oral plea colloquy, the Commonwealth explained the factual basis for the charge of terroristic threats, stating that Shaffer dragged his girlfriend out of the car by the hair, put a gun to her head and threatened to kill her. *Id.* at 13-14. For the charge of attempted voluntary manslaughter, the Commonwealth stated that Shaffer had chased and shot at

the man who was with his girlfriend. *Id.* at 13. Shaffer asserts that, when asked whether the factual basis was correct, he denied having an intent to kill his girlfriend, and further denied shooting at her companion. *Id.* at 14. According to Shaffer, his counsel then informed the court that "the allegation that [] Shaffer shot at his girlfriend's companion was merely something [that] the Commonwealth would have attempted to establish had there been a trial." *Id.* Shaffer asserts that he had denied that he had the intent to kill anyone. *Id.* Shaffer asserts that, "by disputing the only fact offered as evidence of his intent to kill[,] he has raised a defense to the crime of [a]ttempted [v]oluntary [m]anslaughter and invalidated his plea." *Id.* at 15. On this basis, Shaffer claims that his plea was unknowing and involuntary. *See id.*

As our Supreme Court has explained,

[u]pon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

A guilty plea will be deemed valid if the record demonstrates that the defendant had a full understanding of the nature and consequences of his plea

- 3 -

such that he knowingly and intelligently entered the plea of his own accord. **Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa. Super. 2006). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. **Commonwealth v. Hodges**, 789 A.2d 764, 765 (Pa. Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. **Commonwealth v. Watson**, 835 A.2d 786, 796-97 (Pa. Super. 2003). "Before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea. A factual basis for the plea is universally required." **Commonwealth v. Stenhouse**, 788 A.2d 383, 384 (Pa. Super. 2001) (internal citations and quotation marks omitted).

Additionally, "nothing in [Rule 590] would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination." Pa.R.Crim.P. 590 cmt.; **see also Rush**, 909 A.2d at 808 (concluding that the defendant

entered a knowing and voluntary guilty plea where he acknowledged in a written colloquy that he understood his rights to trial by jury and presumption of innocence, and he confirmed during the court's oral examination that he signed a written colloquy and understood its contents).

Shaffer challenges his guilty plea to the charge of attempted voluntary manslaughter. The Crimes Code defines voluntary manslaughter as an unjustified killing committed while the perpetrator was acting "under a sudden and intense passion resulting from serious provocation by the victim." 18 Pa.C.S.A. § 2503(a)(1). The Pennsylvania Supreme Court has held that for purposes of section 2503, "sudden and intense passion" encompasses emotions such as anger, rage, sudden resentment, or terror that renders the mind incapable of reason. ***Commonwealth v. Browdie***, 671 A.2d 668 (Pa. 1996). Additionally, a person commits the crime of criminal attempt if, "with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

Our review discloses that Shaffer's written guilty plea colloquy set forth the elements of the crime of attempted voluntary manslaughter and terroristic threats. Written Guilty Plea Colloquy, 2/4/19, at ¶ 6. When asked whether he understood the elements of the charges, Shaffer handwrote, "Yes." ***Id.*** At the oral guilty plea colloquy, Shaffer indicated that he understood the nature of the charges. N.T., 2/4/20, at 5. The Commonwealth stated on the record the following factual bases for Shaffer's guilty pleas:

[The Commonwealth]: … The two victims in the case, the woman is [Shaffer's] ex-girlfriend; the other individual is his neighbor. He came upon them in a spot where [Shaffer] would have frequented with his girlfriend. [Shaffer] pulled up behind. The male drove away. [Shaffer] chased him in his vehicle. That vehicle went off the side of the road. [Shaffer] got out of that vehicle, had a gun. The male was hiding behind the rear driver's [side] and he shot through the car at that – at the male. So that would be the factual basis for the attempted voluntary manslaughter, and he then took his girlfriend, the female, out of the vehicle, had her on the ground, had a gun pointed at her head, and then threatened to kill her.

[The Court:] Is that a correct statement?

[Shaffer:] Some of it, yes.

[Defense counsel:] Your Honor, that is what the Commonwealth would attempt to prove. I know that if we were to go to trial, the issue of whether he shot at [the male] or not would have been an issue. He certainly did not try to kill [the ex-girlfriend], which is why the terroristic threats charge is there. Other than that, [the Commonwealth's] statement is accurate as to what the Commonwealth would be proving.

[The Court:] So now that's a correct statement?

[Shaffer:] Yes.

N.T., 2/4/20, at 5-6.[3]

Based upon our review of the record, we agree with the PCRA court that Shaffer's claim of an unknowing and involuntary plea to attempted voluntary manslaughter lacks merit. *See* PCRA Court Opinion, 9/25/20, at 4. The record clearly establishes that Shaffer was informed of the elements of the

---

[3] We note that at sentencing, the trial court offered Shaffer the opportunity to make a statement on the record, and Shaffer declined.

charge of attempted voluntary manslaughter and the factual basis for that charge. *See id.* Shaffer's counsel indicated that at trial, Shaffer would have disputed the Commonwealth's evidence. *See id.* Nevertheless, Shaffer knowingly and voluntarily tendered a guilty plea to attempted voluntary manslaughter. *See id.* at 4-7. Consequently, we cannot grant Shaffer relief on this claim. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating that "a plea of guilty will not be deemed invalid if the circumstances surrounding the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.") (citation omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2021